UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY FOX,

            Plaintiff,

v.

THOMAS POOLE, et al.,

            Defendants.

**Hon. Hugh B. Scott**

06CV148

(CONSENT)

**Order**

      Before the Court is plaintiff's motion to dismiss defendant's (presumably defendant Thomas Poole's) affirmative defenses and to compel discovery (Docket No. 8). On August 25, 2006, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 17).

## BACKGROUND

      Plaintiff, an inmate in New York State custody proceeding pro se, sued the superintendent of his former facility, Five Points Correctional Facility, the director of Health Services for the Department of Correctional Services ("DOCS"), the Five Points Correctional Facility health services director, treating personnel at that facility, the DOCS grievance director, and the State of New York, alleging violations of his constitutional rights for placing him in medical isolation in September and October 2005 (Docket No. 1, Compl.). While in that isolation, plaintiff alleges being deprived medical and dental care (id. at 6). He also claims that defendants violated the Americans with Disabilities Act (id. at 6-7). He alleges that defendants used this isolation "as a 'covert' means of retaliating against the plaintiff for filing grievances and lawsuits against the

employees" of DOCS while in other facilities (id. at 7). He alleges that defendants violated his Eighth Amendment right by failing to treat properly his severe skin problem (id.). He also claims discrimination by a federally funded facility under 29 U.S.C. § 794(a) (id. at 10). This Court granted plaintiff's motion (Docket No. 2) to proceed in forma pauperis without dismissing any claims or parties (Docket No. 3).

Defendants separately answered (Docket Nos. 5-7, 11-13), save the State of New York, with each defendant asserting the same eleven affirmative defenses[1]. After defendants Macomber (Docket No. 5), Poole (Docket No. 6), and Gregoire (Docket No. 7) each answered, plaintiff moved to dismiss the affirmative defenses asserted (presumably in defendant Poole's Answer) and to compel discovery (including initial disclosure) (Docket No. 8). Plaintiff also filed a "Response to Defendant's Motion to Dismiss the Complaint" (Docket No. 9), but no such motion was filed. Instead, plaintiff responded to the Answer of defendant Poole (Docket No. 6), filed May 30, 2006. No scheduling Order had been entered and Federal Rule of Civil Procedure 26(a) exempts from the requirement of initial disclosure actions brought without counsel by persons in state custody, Fed. R. Civ. P. 26(a)(1)(E)(iii). Plaintiff does not state any reasons for dismissing the affirmative defenses in his motion; the closest argument is presented in his

---

[1]Failure to state a claim; qualified immunity; sovereign immunity under the Eleventh Amendment; failure to state a claim under Mt. Healthy School Dist. v. Doyle, 429 U.S. 274 (1977); denying acting in bad faith, with deliberate indifference or gross negligence; bar by N.Y. Correction Law § 24; bar by 42 U.S.C. § 1197e [as noted by plaintiff, Docket No. 9, Pl. Response ¶ 9, no such provision exists; defendants probably referred to Prison Litigation Reform Act, 42 U.S.C. § 1997e]; bar by statute of limitations; inapplicability of doctrine of respondeat superior; bar by Prison Litigation Reform Act for failure to exhaust prison administrative remedies; lack of subject matter jurisdiction.

response to the non-existent defendant motion to dismiss (Docket No. 9).  The Court has not scheduled briefing this motion and defendants have not filed any response to it.

## DISCUSSION

As for plaintiff's objections to the affirmative defenses, plaintiff appears to contest defendant Poole's affirmative defenses, but these defenses are the same as those asserted by the other defendants and plaintiff does not argue why Poole cannot assert them while the other defendants presumably could.  Plaintiff does not cite a basis why these defenses should be dismissed at this early stage of this action.  He notes in his Memorandum in opposition to the non-existent motion to dismiss his factual contentions against these defenses (see Docket No. 9).  A motion to strike any insufficient defense, Fed. R. Civ. P. 12(f), requires some insufficiency.  On their face, these defenses are sufficient so as to avoid being stricken at this time.  Therefore, this portion of plaintiff's motion is **denied**.

As for his motion to compel discovery, the clock has not begun to run for discovery to commence or for defendants to respond to discovery demands.  Plaintiff's motion did not include a copy of the outstanding demands (if any). Under Rule 26(f) but except in categories of cases exempted from initial disclosure, the parties first need to meet and confer regarding discovery and then have the Court issue a Scheduling Order establishing deadlines and parameters for discovery, see also Fed. R. Civ. P. 16(b).  As stated above, here plaintiff as an inmate suing pro se there need not be initial disclosure or a discovery conference.  But, in the absence of proof of demands actually being served upon defendants, a motion to compel their response is premature.  Thus, plaintiff's motion to compel is **denied without prejudice** to be renewed if, once discovery has commenced, defendants then fail to produce any discoverable material.

The Court separately will enter a Scheduling Order, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1(a) of the Local Rules of Civil Procedure for the Western District of New York and the exception within Local Civil Rule 16.1(a) from the requirement of conducting a scheduling conference in <u>pro se</u> prisoner civil rights actions (<u>see also</u> Fed. R. Civ. P. 16(b)).  That Order will be consistent with the Civil Justice Reform Act guidelines for the deadlines set therein and, to expedite discovery in the action, order production of initial disclosure materials not required generally under Rule 26(a)(1).

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 8) to dismiss defendant Thomas Poole's affirmative defenses (and presumably the other defendants' identical affirmative defenses) is **denied**; plaintiff's motion to compel discovery is **denied without prejudice**.  The Court will separately enter a Scheduling Order.

So Ordered.

                                                        */s/ Hugh B. Scott*
                                                        Honorable Hugh B. Scott
                                                        United States Magistrate Judge

Dated: Buffalo, New York
         August 31, 2006