UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY FOX,

                Plaintiff,

                                                              **Hon. Hugh B. Scott**

               v.

                                                               06CV148

                                                                (CONSENT)

THOMAS POOLE, et al.,

                                                                **Order**

                Defendants.

      Before the Court is plaintiff's second motion to dismiss defendant's affirmative defenses (presumably now to dismiss defendant New York State's defenses, since this is the defendant who asserted affirmative defenses on October 31, 2006) (Docket No. 22). On August 25, 2006, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 17). Defendant New York State filed its Answer on October 31, 2006 (Docket No. 20). The Court issued a scheduling Order in this case (Docket No. 19).

**BACKGROUND**

      Plaintiff, an inmate in New York State custody proceeding pro se, sued the State of New York; the superintendent of his former facility, Five Points Correctional Facility; the director of Health Services for the Department of Correctional Services ("DOCS"); the Five Points Correctional Facility health services director; treating personnel at that facility; and the DOCS grievance director, alleging violations of his constitutional rights for placing him in medical isolation in September and October 2005 (Docket No. 1, Compl.). While in medical isolation, plaintiff alleges that he was deprived medical and dental care (id. at 6). He also claims that

...

defendants violated the Americans with Disabilities Act (id. at 6-7).  This Court granted plaintiff's motion (Docket No. 2) to proceed in forma pauperis without dismissing any claims or parties (Docket No. 3).

Each defendant separately answered (Docket Nos. 5-7, 11-13, 20).  Like the other defendants, the State of New York in its Answer (Docket No. 20) asserted most of the same eleven affirmative defenses[1] previously asserted by codefendants, as well as asserting affirmative defenses of the lack of subject matter jurisdiction under the Americans With Disabilities Act, 42 U.S.C. § 12112, see Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001); the State's determinations were made for legitimate, nondiscriminatory reasons; action was barred by the Eleventh Amendment (Docket No. 20).  After defendants Macomber (Docket No. 5), Poole (Docket No. 6), and Gregoire (Docket No. 7) each answered, plaintiff moved to dismiss the affirmative defenses asserted (presumably in defendant Poole's Answer) and to compel discovery (including initial disclosure) (Docket No. 8).  The Court denied plaintiff's first motion to deny the affirmative defenses (Docket No. 18, Order of August 31, 2006).  Plaintiff repeats this motion against New York State (Docket No. 22).  Plaintiff does not state any reasons for dismissing the affirmative defenses in his motion, save for his "Response to Defendant's Answer to Complaint (Docket No. 23).

---

[1] Failure to state a claim; sovereign immunity under the Eleventh Amendment; failure to state a claim under Mt. Healthy School Dist. v. Doyle, 429 U.S. 274 (1977); denying acting in bad faith, with deliberate indifference or gross negligence; bar by N.Y. Correction Law § 24; bar by 42 U.S.C. § 1197e [as noted by plaintiff in earlier papers, Docket No. 9, Pl. Response ¶ 9, no such provision exists; defendants probably referred to Prison Litigation Reform Act, 42 U.S.C. § 1997e]; bar by statute of limitations; inapplicability of doctrine of respondeat superior; bar by Prison Litigation Reform Act for failure to exhaust prison administrative remedies; lack of subject matter jurisdiction.

The Court has not scheduled briefing this motion and defendants have not filed any response to it.

**DISCUSSION**

As for plaintiff's objections to the affirmative defenses, plaintiff appears to contest defendant New York State's affirmative defenses, but these defenses are the same as those asserted by the other defendants (including those upheld by this Court as asserted by defendant Poole, Docket No. 18) and plaintiff again does not argue why the State cannot assert them while the other defendants presumably could. Plaintiff does not cite a basis why these defenses should be dismissed at this early stage of this action. Unlike his initial motion, he did not attach a memorandum or other papers in support of this motion (cf. Docket No. 9), although his Response to the Answer (Docket No. 23) may be his supporting papers. That Response refutes the assertions in the State's Answer (see id. ¶¶ 1-3), as well as alleging supplemental jurisdiction over his state law claims (both those he has alleged and others he now proposes to assert) (id. ¶ 4). As for the first, second and third affirmative defenses, plaintiff attacks them based upon state officials lacking immunity from suit under the defenses set forth therein (id. ¶ 5), but the defendant here is the State itself. Plaintiff argues that Tennessee v. Lane, 541 U.S. 509, 517 (2004), and not Garrett applies, allowing his Americans With Disabilities Act Title II action to proceed. As for the sixth and seventh affirmative defenses (under the Eleventh Amendment and N.Y. Correction Law) (id. ¶ 8), plaintiff again claims that he is suing individual defendants in their individual capacities, hence not involving the State as a defendant and its ability to assert these defenses.

Under Federal Rule 12(f), a motion made within 20 days after service of the pleading upon a party (or upon the Court's initiative), the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since a motion to strike even a single defense can be seen as a dilatory or harassing tactic, courts view Rule 12(f) motions with disfavor and such motions are infrequently granted, 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, at 394 & nn. 9, 10 (Civil 3d ed. 2004); Solvent Chem. Co. v. E.I. duPont de Nemours & Co., 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) (Curtin, J.).  In order to be stricken, the defense must be so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding would be prejudicial to the movant, 5C Wright & Miller, supra, § 1380, at 397; Avent v. Solfaro, 210 F.R.D. 91, 94 (S.D.N.Y. 2002) (Ellis, Mag. J.).  The standard for striking a defense is the "mirror image of the standard for considering whether to dismiss for failure to state a claim," Solvent Chem., supra, 242 F. Supp. 2d at 212, that is, "a court will not grant a Rule 12(f) motion 'unless it appears to a certainty that plaintiffs would succeed despite any statement of the facts which would be proved in support of the defense,'" id. (quoting William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986)).  "The affirmative defense that the plaintiff seeks to strike 'must not present disputed and substantial questions of law, resolution of which could support the defendant's contentions,'" id. (quoting Almy Bros., supra, 971 F. Supp. at 72).

On their face, these defenses are sufficient so as to avoid being stricken at this time.  The defenses particular to New York State that the other defendants may not enjoy emanate from the

Eleventh Amendment or the applicability of the Americans With Disabilities Act claims upon states, which raise legitimate defenses.  Therefore, this portion of plaintiff's motion is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 22) to dismiss defendant New York State's affirmative defenses is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 28, 2006