UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FOX,

                Plaintiff,

v.

THOMAS POOLE, et al.,

                Defendants.
_____

**Hon. Hugh B. Scott**

06CV148

(CONSENT)

**Order**

Before the Court is plaintiff's motion to compel defendants answer his interrogatories, answer requests for admissions, and produce sought documents (Docket No. 28[1]). On August 25, 2006, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 17). After scheduling a status conference (for April 17, 2007, at 10 am, Docket No. 26), the Court issued a briefing schedule for this motion, with responses due by February 21, 2007, and replies due by February 28, 2007, and the motion deemed submitted (without oral argument) on February 28, 2007 (Docket No. 30).

## BACKGROUND

On March 13, 2006, plaintiff, an inmate in New York State custody proceeding pro se, sued the superintendent of his former facility, Five Points Correctional Facility, the director of Health Services for the Department of Correctional Services ("DOCS"), the Five Points

---

[1] In support of this motion, plaintiff filed his notice of motion, the motion (including legal citations), Docket No. 28. In opposition, defendants filed their attorney's declaration, citing discovery filed separately, Docket No. 31.

Correctional Facility health services director, treating personnel at that facility, the DOCS grievance director, and the State of New York, alleging violations of his constitutional rights for placing him in medical isolation in September and October 2005 (Docket No. 1, Compl.). While in that isolation, plaintiff alleges being deprived medical and dental care (id. at 6). He also claims that defendants violated the Americans with Disabilities Act (id. at 6-7) and discriminated against him despite being an alleged federally funded facility, in violation of 29 U.S.C. § 794(a) (id. at 10). This Court granted plaintiff's motion (Docket No. 2) to proceed in forma pauperis without dismissing any claims or parties (Docket No. 3).

In May, June, and October 2006, defendants separately answered (Docket Nos. 5-7, 11-13, 20). Apparently, while various defendants were answering, plaintiff made his Interrogatories and other discovery requests (see Docket No. 27, dated June 6, 2006, filed Jan. 24, 2007). In plaintiff's first motion to dismiss affirmative defenses on June 12, 2006, he also cross-moved to compel discovery (Docket No. 8, at 2), which this Court rejected as being premature (Docket No. 18, Order at 3). The Court denied plaintiff's motions (Docket Nos. 8, 22) to dismiss certain asserted affirmative defenses (Docket Nos. 18, 25). On August 31, 2006, the Court issued a Scheduling Order (Docket No. 19) which called for initial Rule 26(a) disclosures by October 30, 2006, motions to compel discovery due by January 29, 2007, and discovery to be completed by February 28, 2007. Following New York State's Answer, defendants filed their Rule 26 initial disclosure (Docket No. 21), see W.D.N.Y. Loc. Civ. R. 7.1(a)(1) (all discovery in pro se cases are to be filed with the Court).

Plaintiff filed his June 2006 Interrogatories on January 24, 2007 (Docket No. 27), which included Requests for Admissions and Requests for Documents. These Interrogatories did not

2

have filed with them any proof of service, see Fed. R. Civ. P. 5(d) (papers required to be filed with certificate of service), but merely included plaintiff's indication that a copy of the document was sent to defense counsel (Docket No. 27, at page 9). Plaintiff then filed his present motion to compel on the same day (Docket No. 28), filing with this motion and a copy of his discovery requests a certificate of service (Docket No. 29). Plaintiff claims in his motion that he served his Interrogatories and other Requests on defense counsel on September 5, 2005[2] (Docket No. 28, Pl. Motion ¶ 5), and argues that defendants refused to respond to the Interrogatories and other Requests on October 31, 2006, with defendants' initial disclosures (id. ¶ 6).

Defendants contend that plaintiff had not served the Interrogatories, Requests for Admissions or Requests for Documents (Docket No. 31, Defs. Atty. Decl. ¶ 4) and thus his motion to compel should be denied (id. ¶ 5). They claim that in their initial disclosure they responded to plaintiff's otherwise unserved discovery requests (id. ¶¶ 7, 11-13). Defendants submitted an authorization form for plaintiff to sign to obtain his medical records but plaintiff sent them back his own signed form. Defense counsel submitted plaintiff's form to the Department of Correctional Services to release plaintiff's medical and mental health records. Once defendants obtain those documents (either on plaintiff's executed authorization or on a reissued defense authorization), defense counsel intends to produce them to plaintiff. (Id. ¶¶ 8-10.) Defendants, however, do not indicate how plaintiff's interrogatories are responded to by the

---

[2]Plaintiff probably means "2006," since September 5, 2005, was before plaintiff was placed in medical isolation, Docket No. 1, Compl., at 6 (in medical isolation from September 22, 2005); see Docket No. 31, Defs. Atty. Decl. ¶ 2, or commenced this action, see Docket No. 1, Compl. dated Mar. 13, 2006.

discovery already produced within defendants' initial disclosure nor do defendants state whether they intend to answer these interrogatories.

Plaintiff did not submit a reply.

## DISCUSSION

In addition to the potential sanctions for failing to disclose, Fed. R. Civ. P. 37(a)(4)(A), there are consequences for not responding to a properly served Interrogatory or Request for Admission. Any ground for an objection to an Interrogatory not stated within 30 days after service of them is waived, Fed. R. Civ. P. 33(b)(3). A matter is deemed admitted unless the parties served with the Request for Admission serves a written answer or objection within 30 days, Fed. R. Civ. P. 36(a).

As for his motion to compel discovery, plaintiff needs to first serve his discovery demands before he can move to compel their answer. Plaintiff's Interrogatories and other Requests, if served when dated on June 6, 2006, predates the Answers by some of the defendants (in fact summonses for other defendants had not yet been returned, see Docket Nos. 14, 15, 16), and this Court's Scheduling Order (see Docket No. 19). Under Rule 26(d) discovery usually begins after the parties have conducted a discovery planning conference under Rule 26(f). But this timing requirement does not apply to proceedings exempt from the initial disclosure requirement by Rule 26, as here "an action brought without counsel by a person in the custody of the United States, a state, or a state subdivision," Fed. R. Civ. P. 26(a)(1)(E)(iii), (d). Thus, plaintiff's Interrogatories, Request for Admission, and Request for Production technically were timely but only for those defendants who had appeared by filing their Answers as of June 6, 2006 (cf. Docket Nos. 5-7, Ans. of Defs. Macomber, Poole, Gregoire). These Interrogatories and

Requests for Admissions were directed at all defendants, even those who had not yet appeared when the Requests and Interrogatories were dated (e.g., Docket No. 27, Interrog. No. 14, directed to defendant Wright; cf. Docket No. 13, Wright Ans., dated June 15, 2006). Further, plaintiff sought these disclosures, in part, under Rule 26(a) as initial disclosures, which were not applicable to him as an inmate proceeding pro se prior to this Court's Scheduling Order (Docket No. 19, Order of Aug. 31, 2006) calling for initial disclosures, see Fed. R. Civ. P. 26(a)(1)(E)(iii).

Plaintiff claims in his motion that he served this discovery on September 5, 2006 (see Docket No. 28, Pl. Motion ¶ 5), which would have been after all defendants answered and the entry of the Scheduling Order. But plaintiff did not file proof of service of those discovery requests and defendants deny receiving those requests.

Defendants indicated that they would have responded to those demands had they been properly served (Docket No. 31, Defs. Atty. Decl. ¶¶ 7-13), relying upon the initial disclosure served and filed in this case (Docket No. 21).

Also, plaintiff did not certify his good faith efforts in attempting to confer with defense counsel to resolve this discovery dispute prior to filing this motion, see Fed. R. Civ. P. 37(a)(2)(A). While plaintiff's incarceration may have restricted his means to confer, the rule does not exempt inmate plaintiffs from this requirement, or at least indicating either attempts at conferring or the barriers that prevented such a conference. Had plaintiff attempted this, he may have learned from defense counsel that she did not receive the requests at issue, obviating the need for this motion.

Regardless of the date of the Interrogatories and Requests or of their service and absent proof of their service, plaintiff's motion to compel is **denied** as to the document demands. Defendants have shown that their initial disclosure produced the documents sought by plaintiff in his demand. Defendants, however, have not shown that plaintiff's Interrogatories or Request for Admissions have been responded to within the disclosure already made by them. Given that through the electronic filing of these Interrogatories and Request for Admissions defendants now have received these interrogatories (see Docket No. 27, Notice of Electronic Filing) and giving the incarcerated, pro se plaintiff every benefit, defendants should respond to them and avoid the consequences of waiver of objections or formal admissions of matters asserted in plaintiff's Request for Admissions. Thus, plaintiff's motion to compel is **granted in part** (in compelling answers to the Interrogatories and respond formally to the Requests for Admissions) **and denied in part (as to the other Requests)**. Defendants have thirty (30) days from entry of this Order to respond to these discovery demands.

As a result, the discovery deadline (Docket No. 19) is extended to **June 9, 2007**; dispositive motions will be due on or before **August 10, 2007**; if no motions are filed, pretrial statements will be due by **October 15, 2007**.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 28) is **granted, in part (compelling defendants to answer plaintiff's Interrogatories and Requests for Admissions), denied in part**. Defendants have thirty (30) days from entry of this Order to respond to these discovery demands. The Scheduling Order (Docket No. 19) in this action is amended as follows: the discovery deadline (Docket No. 19) is extended to **June 9, 2007**;

dispositive motions will be due on or before **August 10, 2007**; if no motions are filed, pretrial statements will be due by **October 15, 2007**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 15, 2007