UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY FOX,

                        Plaintiff,

                                                              **Hon. Hugh B. Scott**

                        v.                                    06CV148

                                                              (CONSENT)

THOMAS POOLE, et al.,                                         **Order**

                        Defendants.

 

        Before the Court is plaintiff's motion for leave to amend the Complaint or to supplement

pleadings (Docket No. 67[1]), or to reassert his earlier motion (see id., Pl. Notice of Motion at 1;

cf. Docket No. 65, Order).  Response to this motion was due by October 12, 2007, any reply by

October 26, 2007, and the motion was deemed submitted (without oral argument) on October 26,

2007 (Docket No. 70).  In his reply (Docket No. 75, Pl. Memo. at 4-5), plaintiff cross-moves for

Rule 37 discovery sanction of striking the Answer for defendants alleged failure to produce

documents and answers to Interrogatories previously ordered.

        On August 25, 2006, the parties consented to proceed before the undersigned as

Magistrate Judge (Docket No. 17).

---

        [1]In support of this motion, plaintiff filed his affirmation, Docket No. 67, reply
memorandum, Docket No. 75, and letter to Court of October 23, 2007 (received October 29,
2007), which the Court had filed, Docket No. 82.
        In opposition to this motion, defendants filed their memorandum of law, Docket No. 71.

**BACKGROUND**

Familiarity with the prior Orders in this case (Docket Nos. 25, 33, 65) is presumed.

On March 13, 2006, plaintiff sued the superintendent of his former facility, Five Points Correctional Facility ("Five Points"), the director of Health Services for the New York State Department of Correctional Services ("DOCS"), the Five Points health services director, treating personnel at Five Points, the DOCS grievance director, and the State of New York for allegedly violating his constitutional rights by placing plaintiff in medical isolation for tuberculosis in September and October 2005 (Docket No. 1, Compl.). While in that isolation, plaintiff alleges being deprived of medical and dental care (id. at 6). He also claims that defendants violated the Americans with Disabilities Act (id. at 6-7) and discriminated against him despite being allegedly a federally funded facility, in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (id. at 10). This Court granted plaintiff's motion (Docket No. 2) to proceed in forma pauperis without dismissing any claims or parties (Docket No. 3).

In May, June, and October 2006, defendants separately answered (Docket Nos. 5-7, 11-13, 20). Plaintiff first moved to dismiss affirmative defenses on June 12, 2006, and cross-moved to compel discovery (Docket No. 8, at 2), which this Court then rejected as being premature (Docket No. 18, Order at 3). The Court also denied plaintiff's motion to dismiss the defenses (id.).

On August 31, 2006, the Court issued the first Scheduling Order (Docket No. 19) which called for motions for leave to amend pleadings by September 29, 2006. Plaintiff then filed a second motion to dismiss affirmative defenses (Docket No. 22), which was also denied (Docket No. 25). Plaintiff next moved to compel discovery from defendants (Docket No. 28), which was

granted in part and denied in part (Docket Nos. 32, 33), which amended the Scheduling Order (id.). Plaintiff then moved for discovery sanctions and for the Court to exercise supplemental jurisdiction over a pending New York State Court of Claims proceeding (Docket No. 52). In response, defendants sought full medical authorizations from plaintiff and extension of the Scheduling Order (see Docket No. 59[2]). This Court granted plaintiff's motion to compel, but denied his motion for sanctions and to exercise supplemental jurisdiction, and granted defendants' request to compel plaintiff to execute full medical authorizations and to extend the schedule for this case (Docket No. 65). Under the Amended Scheduling Order for this case, plaintiff was to execute and serve full medical authorizations by September 17, 2007; discovery was to be completed by November 19, 2007; and dispositive motions are due by January 22, 2008 (Docket No. 65, Order at 26; Docket No. 66). Plaintiff states that he sent the signed medical authorizations on September 4, 2007 (Docket No. 68, Pl. Affirm. ¶ 5).

*Present Motions*

Plaintiff now argues that the Court did not consider his motion for leave to amend the Complaint (Docket No. 67, Pl. Notice of Motion at 1), although the Court did deny exercising supplemental jurisdiction (Docket No. 65, Order at 25), implicitly denying plaintiff leave to amend to assert claims requiring the Court to exercise such jurisdiction. Plaintiff moves for an Order under Rule 15(b) for permission to amend his pleadings to conform to the evidence adduced at trial relative to plaintiff's second medical condition that was not alleged in his Complaint (Docket No. 67, Pl. Notice of Motion at 1-2). He seeks to amend the Complaint (under Rule 15(c)(2)) to allege the second medical condition and disability relative to his Eighth

---

[2]Filed under seal, see Docket No. 55.

and Fourteenth Amendment claims and claims under Title II of the Americans with Disabilities

Act and § 504 of the Rehabilitation Act.  Alternatively, plaintiff seeks a ruling on his earlier

motion for permission to file supplemental pleadings under Rule 15(d) to respond to defendants'

reference to his second medical condition as a defense (<u>see</u> Docket No. 62, Pl. Reply ¶¶ 12, 15;

Docket No. 67, Pl. Notice of Motion at 2; <u>cf.</u> Docket No. 65, Order at 9).

 Defendants argue that an amendment to allege claims arising from plaintiff's second

medical condition would be futile (Docket No. 71, Defs. Memo. at 3-5).  Plaintiff was aware of

his second condition and could have alleged it initially in his original Complaint but chose not to

(in fact he initially denied having that condition and refused to provide medical authorization to

release records related to that condition, <u>id.</u> at 4).  Plaintiff citing to Rule 15(b) and (d) provides

no basis to support leave for amendment; Rule 15(b) applies when new issues or evidence arises

during trial that do not conform to allegations in the initial Complaint (<u>id.</u>).  The claims here do

not arise in that situation (<u>id.</u> at 5).  Defendants next argue that plaintiff fails to set forth any new

conduct, occurrences or transactions that have happened since commencement of this action to

support a supplemental pleading under Rule 15(d) (<u>id.</u>).  Defendants reject application of the

relation back doctrine under Rule 15(c)(2) to make timely plaintiff's new claims (<u>id.</u> at 5-6).

Plaintiff seeks to amend the Complaint eighteen months after filing it without any explanation for

the delay or any support for the amendment (<u>id.</u> at 6, 4).

 In reply, plaintiff claims that he could not raise his proposed Fourteenth Amendment

Equal Protection and Americans with Disabilities Act claims until he became aware that

defendants justified their placing him in medical isolation due to the second ailment (Docket

No. 75, Pl. Reply Memo., dated Oct. 22, 2007, filed Oct. 24, 2007, at 1-2).  He argues that it

would not be futile to amend his Complaint to allege claims under the Americans with

Disabilities Act since state immunity is abrogated for claims under that act (id. at 2-3), see

United States v. Georgia, 541 U.S. 151, 154, 126 S. Ct. 877, 879 (2006); Goodwardena v. New

York, 475 F. Supp. 2d 310, 321-29 (S.D.N.Y. 2007).

In that reply, plaintiff also cross-moves to strike defendants' affirmative defenses as a

discovery sanction under Rule 37 for failing to comply with the Court's second Order to compel

(id. at 4).  Note, that defendants have filed responses to plaintiff's discovery requests and

Requests for Admissions (Docket Nos. 72-74, filed Oct. 19, 2007) and filed Answers to

plaintiff's Interrogatories (Docket Nos. 76-81, filed Oct. 26, 2007) around the time plaintiff filed

his reply.  In his letter to the Court, plaintiff contends that these Answers to Interrogatories

continued to refer to an undifferentiated mass of medical records and complains that plaintiff's

copy of the medical records were not Bates numbered (Docket No. 82).

## DISCUSSION

I.      Leave to Amend Standard

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do

so as of right requires either consent of all parties (apparently not present here) or by leave of the

Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when

justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v.

Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

330 (1971).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

As in this case, when a plaintiff is proceeding pro se, leave to amend should be freely granted.  Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to amend).

Plaintiff cites to Rule 15(b), (c)(2), and (d) (Docket No. 67) as authority to authorize leave for amending his pleading.  Rule 15(b) involves factual issues raised at trial, where those issues are treated as if raised in pleadings.  Since this case is not at trial, invocation of Rule 15(b) is premature.  Rule 15(c)(2) involves the relation back of an amendment to the date of the earlier pleading, to preserve claims raised in the amendment from challenge on statute of limitations grounds.  That provision makes an amended claim or defense relate back to the earlier pleading, hence making it now timely.  This provision does not provide a basis to justify an amendment. Finally, Rule 15(d) allows the Court to permit a party to allege happenings that occurred since the filing of the pleadings.  The only subsequent action is defendants' use of plaintiff's medical history and asserting his medical isolation was due, in part, to that second condition (see Docket No. 68, Pl. Affirm. ¶ 3).  Plaintiff now contends that he has to amend his Complaint to address this new defense.  Supplementation is not necessary to address an apparent new defense.

Here, plaintiff's motion will be treated as one under Rule 15(a) seeking leave to amend the Complaint.  Given the liberality given to pro se parties, plaintiff shall be **granted leave** to amend.  This amendment is timely under Rule 15(c)(2).

If plaintiff wishes to plead that he was discriminated against because of both medical conditions (tuberculosis and the second ailment) rather than assert it in response to a defense

motion for summary judgment or at trial, that is plaintiff's choice.  By alleging this new claim,

plaintiff bears the burden of proof (as opposed to defendants' burden for their asserted defense).

Plaintiff shall file and serve the Amended Complaint within approximately **thirty (30) days** of

entry of this Order, or by **December 3, 2007**.

II.      Filing of Amended Complaint and Confidentiality

        This Court granted defendants' earlier motion to file certain documents under seal

(Docket Nos. 56 (Order), 55 (motion), 59, 60 (sealed documents)) to avoid disclosure of

plaintiff's second medical condition.  This Order was written intentionally to not mention that

condition.  In filing the Amended Complaint, plaintiff has the option to disclose this condition or

not.  By publicly filing the Amended Complaint and the Court's electronic filing system, that

condition will be disclosed and would be available to anyone with Internet and PACER access.

If plaintiff chooses not to disclose this condition, he may seek leave to file the Complaint under

seal and, if so, he should follow the procedures under this Court's Local Civil Rule 5.4(b), (c),

and (d) for seeking leave to so file.

III.     Discovery Sanction Cross-Motion

        Taking plaintiff's reply as a cross-motion for discovery sanction (Docket No. 75, at 4-5),

that reply apparently crossed in the mail with defendants' submitted answers and responses to

plaintiff's discovery (pursuant to the Court's Order to compel, Docket No. 65).  The Court did

not set an express deadline for defendants to respond to plaintiff's discovery because, in part,

production depended upon plaintiff furnishing full medical authorizations (see id. at 25).

Defendants did file discovery responses around the time for briefing this motion (Docket

Nos. 72-74, 76-81).  A cursory review of these responses appear to address the specificity

7

concerns that were raised by the Court (see Docket No. 65, Order at 14-16, 20), referring to specifically identified documents within plaintiff's already produced medical records.  But these Answers refer to Bates numbered pages; plaintiff argues that his copy of the medical records were not so identified (see Docket No. 82).  The copy of plaintiff's medical record (now filed under seal) are Bates numbered stamped (at the lower right corner of each page).  Since defendants cite to the same five or so pages in each of these Answers, defendants should produce copies of the Bates numbered versions of the cited portions of plaintiff's medical record. Plaintiff's cross-motion is thus **denied in part, granted in part** (in so far as defendants are to produce the Bates numbered copies).

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend the Complaint (Docket No. 67) is **granted**.  Plaintiff shall file the Amended Complaint by **December 3, 2007**.

Plaintiff's cross-motion for discovery sanction of striking pleadings (see Docket No. 75, Pl. Reply Memo. at 4-5) is **denied in part** (denying striking of pleadings), **granted in part** (compelling production of the Bates numbered copies of the cited documents in defendants' Interrogatories Answers).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 1, 2007

8